LEKTRIC SALES COMPANY, Appellant, v. ALVIN G. HAMMER, Appellee.

EVIDENCE: Parol as Affecting Writing—Identification of Article.
1   A written contract of sale, in the form of an order for a machine described in general terms as "One All Elektro Popper Complete," is not varied by parol evidence that the machine received by the buyer was not the machine contracted for, in that the one received was not "complete," in accordance with the representations of the seller's agent as to what constituted a *complete* machine.

SALES: Rescission by Buyer—Elements of Recovery. Upon proper
2   rescission, the buyer may recover money expended by him for express charges paid on the rejected property.

APPEAL AND ERROR: Harmless Error—Improper Contradiction
3   on Immaterial Matter. Parol evidence, improper because con-

tradictory of a written instrument, but contradictory on a wholly immaterial part of the instrument, as far as the merits of the controversy are concerned, is entirely harmless.

*Appeal from Polk District Court.*—W. H. McHENRY, Judge.

MARCH 5, 1918.

ACTION upon a note for the recovery of the purchase price of a popcorn machine. The purchase price was $375, of which $150 has been paid. Defendant claimed he had rescinded the contract because the machine did not comply therewith, and that he never accepted the machine, and he asks to recover the payment made. Trial to the court, without a jury. The court found for the defendant, both as to plaintiff's claim and on the defendant's counterclaim, and rendered a judgment against the plaintiff for the $150, and for express on the machine, paid by defendant before he discovered that the machine was not as represented. Plaintiff appeals.—*Affirmed.*

*Parker, Parrish & Miller,* and *Neal M. Monroe,* for appellant.

*Coffin & Rippey* and *Dale Griswold,* for appellee.

PRESTON, C. J.—I. Plaintiff was unable to produce as a witness the agent who sold the machine to defendant. Defendant was the only witness; so that his evidence as to statements made by the selling agent in regard to the character of the machine, and as to whether plaintiff shipped the kind of a machine covered by the contract, is undisputed.

The defendant's answer admitted the execution of the note, and alleges that it was given in consideration of the contract entered into by plaintiff and defendant; that the contract set out in the petition is not a true copy of the contract signed by defendant, and does not express the parties' agreement; that plaintiff has failed to comply with the terms

and agreements entered into. The second count, or counter-claim, avers, in substance, that plaintiff failed to comply with its contract; that the popcorn machine shipped by plaintiff does not conform with the one defendant contracted for; alleges the payment of the $150 on the machine, and $10.14 as express charges.

The reply, among other things, alleges that, after the order referred to in plaintiff's petition was taken, plaintiff sent a telegram to defendant, and that, in reply thereto, defendant sent plaintiff a telegram, copies of which will be set out; that, when the telegrams were exchanged, plaintiff had not made the popcorn machine; that, in plaintiff's telegram to defendant, defendant was informed that he had contracted with Lektric Sales Company, this plaintiff; and that thereupon, it became the duty of defendant to notify plaintiff that the contract originally signed by defendant, which he now alleges did not contain the name of plaintiff, did not in fact contain it, and that he would not be bound by the contract; that defendant did not inform plaintiff that the contract, when originally signed, did not contain the name of Lektric Sales Company. Based upon these facts, plaintiff pleads an estoppel against the defendant to now set up that the contract originally signed by him was not made with the said Lektric Sales Company.

The note was a filled-in blank form, filled up in writing, and is as follows:

"City of Des Moines, County Polk, State Iowa, Date March 11, 1916. For value received, without any relief from valuation or appraisement laws, with 6 per cent. interest per annum from date until paid and attorney's fees, I promise to pay to the order of Lektric Sales Company, Inc., Logansport, Indiana, U. S. A., two hundred and twenty-five 00-100 dollars ($225.00) payable monthly with the 6% interest from date on each payment, at ........Bank, as follows: * * · *"

[Signed by the defendant.]

The contract was partly printed and partly written. It is not necessary to set it all out. The words "Lektric Sales Company, Inc.," are written in with a typewriter. The words "U. S. Distributors, Inc.," originally in said place, were scratched out with a typewriter. The contract provides that the order is taken subject to the approval of, and contingencies beyond the control of, U. S. Distributors, Inc. So much of the contract as appears to be material is as follows:

"Make all Checks, Drafts, Etc., Payable to the U. S. Distributors, Inc. Order Sheet and Contract. Lektric Sales Company, Inc. City Des Moines, State Iowa, Date 2-12-16. Ship to Alvin G. Hammer, Street 6th E. Grand Ave., Town Des Moines, Iowa, State, Iowa. The following merchandise: via RUSH.

| Quantity | Articles. | Price Each. Total Price |
|---|---|---|
| One | All Elektro Popper Complete | $375.00 |
| 2000 | No 1 bags with imprint | |

"6% off for cash—30 days from delivery June total.

"Finish: White enamel finish. Electric Current Equipment. ( ) For Direct Current (x) For Alternating Current. Voltage 110 Cycles 60 (Ask Electric Light Company) Name of Electric Co...........Remarks on above: White enamel finish. Guaranteed and no glass in front of the base on popper.

"No agreement, representation or claim of any kind shall have any force unless contained in this order."

Plaintiff's telegram to defendant was as follows:

"2-15-1916.

"To Alvin G. Hammer, E. 6th & Grand Ave., Des Moines, Iowa.

"Your order received. Can ship our regular solid mahogany or oak machine at once. Specially built white enamel cabinet made without glass front in lower cabinet by March

fourth.    Mahogany machine harmonizes beautifully with white fixtures and much easier to keep clean.    Which shall we ship?  Wire answer our expense.  Lektric Sales Co., Logansport, Ind."

The telegram from defendant was as follows:

"Des Moines, Iowa, 9:42 A. M.   2-16-16

"Lektric Sales Co., Logansport, Indiana.

"Ship white enamel machine.   A. G. Hammer."

Defendant, called as a witness for plaintiff, testified in regard to these exhibits, and that the note was given for an electric popcorn machine, and that, since he had signed the contract, the words "U. S. Distributors, Inc.," had been stricken out, and "Lektric Sales Company, Inc.," substituted.

Called as a witness in his own behalf, defendant testified in regard to statements made by the selling agent,— over objection by plaintiff that the written contract could not be varied by parol testimony, and that no fraud is pleaded and breach of warranty is no defense to this action,— that the agent, Smithson, who had been representing Holcomb & Holt, came to the store in Des Moines, and said that he understood defendant was in the market for a popcorn machine; that defendant told Smithson he had written Holcomb & Holt and had their circulars, and was thinking some of buying a machine; that Smithson then said to defendant that he had something better than the old gas machine; that they now had an electric, away ahead of the old machine; that Smithson then took out one or two photographs, and showed defendant the cut of the machine, and explained its workings; that he said:

"You touch this button and it starts the machine.   You touch this button and it butters the popcorn.   If your customer wants some butter on his popcorn, you touch this button and it butters the popcorn.   If the customer wants more butter, you touch the button and a little more of the butter is put on."

Defendant did not buy that day; but the next day, the agent came in and explained the machine again. Witness testified that the buttering part was one of the main parts of the machine, and one of the main parts of Smithson's talk, because it was so much nicer than the old machine and it worked so much better than the old machine that he finally contracted for it. He testifies further that Smithson agreed to come over and set the machine up and start it, as soon as it arrived; that he did call the agent up; that the agent promised to come over and set up the machine, but never came into the store after he sold the machine; that he received a white enamel machine, but that it differed from the one contracted for in this: that it does not look at all like the machine the agent showed, and that it has no push buttons—no buttering device; that it has just a tin teapot for heating the butter and pouring it over the corn; that it has nothing it was promised to have, except the white enamel. As to the kind of a motor there was on the machine, witness testified that Smithson was to attend to that; was to see the electric company and find out what kind they should have; that he never tried it, and consequently did not know the kind of motor; that defendant never used the machine, because it was not what he ordered. Defendant was asked whom he thought the telegram to him was from, and testified that he thought it was the U. S. Distributing Company, because he understood they were the people he bought the machine from, and that he thought it was the Holcomb & Holt people. This last evidence was objected to, on the ground that defendant was estopped by the address on the telegram.

Defendant further testified that, when he found out what the machine was, he waited to see Smithson; that it came by express, crated, and he uncrated it and put it in the back part of his store, but never started it; that, when he could not find Smithson, he notified plaintiff by telegram, re-

fusing to accept the machine. Plaintiff answered this that the machine was all right. On cross-examination, the defendant says that Smithson wrote the contract and that he (defendant) looked it over,—the main part, but not the small print; that he had the contract in his possession and signed it; that Smithson represented that the machine would have an automatic popcorn butterer.

"I was contracting to have an automatic electric butterer upon the machine: Smithson represented the machine had an electric push button,—an automatic butterer. I understood I was contracting for a machine where a push button starts the machine, and you push another and it butters the popcorn. The pictures you show me are not like the machine at all; they are entirely different. The pictures are absolutely different than the ones shown me when I bought."

It is contended by appellant that defendant was bound to know the provisions of the contract, and that his negligence, if any, in signing without reading, will not excuse him. The argument is that the provision in the contract that "No agreement, representation or claim of any kind shall have any force unless contained in this order," prevents defendant from giving parol testimony as to the character and kind of a machine he was purchasing. The main point relied upon is that defendant was permitted to give parol testimony, and that this varied the contract, and is contrary to the parol evidence rule.

1. EVIDENCE: parol as affecting writing: identification of article.

That is the general rule, of course, but there are many exceptions; and such is the rule even if the clause last quoted were not in the contract, so that it appears to us that that statement adds nothing to the contract. Defendant was not bound to accept a machine he did not buy. Strictly speaking, it may be true that defendant did not plead fraud or false representations, but seemed rather to rely upon the claim that plaintiff did not comply with his contract, and

deliver the kind of a machine agreed upon, and a complete machine, according to the contract. Appellant does not seem to rely seriously upon any insufficiency in the defendant's pleading. The contract provides that the machine is to be complete. Surely, defendant could testify that the machine shipped was not such a machine as that described in the contract. The attempt to foist a different machine upon him would, in a sense, be a fraud. It seems to us that it is a question of identification, or whether the machine was complete, and that the variance rule is not involved. Defendant claims that the machine was to include a buttering device as a part of the machine. True, there was not, in express terms, such a provision in the written contract. Neither does it specifically describe the different wheels, gear, etc. Whether the evidence of defendant varies the writing depends upon whether the alleged parol agreement, or the statements by plaintiff's agent, were in the nature of false statements as to what the machine as a whole included in its parts. The machine was not present and open to observation by defendant at the time it was contracted for. It was to be shipped pursuant to the order. Plainly, the name or description of a machine in the contract would not necessarily specify all its parts. There was, therefore, a field for false representation in the description of the machine named in the contract, as to what it really included. We think that is as far as the parol testimony went, and that it was competent, and that, under the evidence, plaintiff did not comply with its contract, and did not ship the kind of machine described in the contract and purchased by defendant. Defendant had the right to rescind.

2. SALES: rescission by buyer: elements of recovery.

No valid reason is given why defendant might not, under the circumstances shown, recover the express charges paid by him; and we are unable to see why he may not do so.

II. It is next contended that the court erred in permitting defendant to contradict the telegram sent by plaintiff, and testify that he thought it was from the U. S. Distributing Company, or Holcomb & Holt. We are unable to see how this could work any prejudice to the plaintiff, or how it makes any difference, or why it makes any difference that the original contract was changed, if it was, as contended by defendant, for the reason that plaintiff sued as Lektric Sales Co., Inc.; defendant filed his counterclaim asking a judgment against the plaintiff in that name, and obtained a judgment against it.

3. APPEAL AND ERROR: harmless error: improper contradiction on immaterial matter.

Other questions are argued, but they are of minor importance, and are decided by the points discussed.

The judgment is—*Affirmed.*

LADD, EVANS, and SALINGER, JJ., concur.